# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

T. CHARLES BOETTGER, )
)
       Plaintiff, )
)
  v. ) Case No. 17-4048-DDC
)
ROBERT FAIRCHILD, )
et al., )
)
       Defendants. )

## **ORDER**

This matter comes before the court upon plaintiff's Motion for Appointment of Counsel (ECF No. 3). For the following reasons, the motion is denied.

In civil cases, there is generally no constitutional right to the appointment of counsel.[1] Nevertheless, it is within the court's discretion to "request an attorney to represent any person unable to afford counsel."[2] This provision, however, "is limited to persons proceeding *in forma pauperis* and does not provide a statutory right to counsel."[3] On June 14, 2017, plaintiff paid the filing fee for this case. Because plaintiff is not proceeding *in forma pauperis*, the court does not have the authority to appoint counsel under 28 U.S.C. § 1915(e).[4]

---

[1] *See Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e)(1); *Witherspoon v. Wyandotte Cnty., Kan.*, No. 08-2315-JAR-DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008)

[3] *See Cox v. LNU*, 2013 WL 589693, at *7 (D. Kan. Feb. 14, 2013) (internal citations omitted); *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *3 (D. Kan. Apr. 5, 2012) (stating "[b]ecause Plaintiff is not proceeding in forma pauperis in this action, § 1915(e)(1) provides no basis for the Court to request an attorney to represent her"). *Witherspoon*, 2008 WL 4148626, at *2; .

[4] *See Witherspoon v. Wyandotte Cnty., Kan.*, No. 08-2315-JAR-DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008) ("Until the Court determines that Plaintiff is unable to afford counsel and Plaintiff is granted *in forma pauperis* status, the Court is unable to appoint counsel under 28 U.S.C. § 1915(e)."); *Fulton v. United States*, 198 Fed. Appx. 210, 214 (3d Cir. 2006) (holding District Court did not err in denying plaintiff's request for appointment of counsel when he had not received IFP status).

Even if plaintiff had been granted leave to proceed *in forma pauperis*, the court would deny appointment of counsel. In determining whether to appoint counsel, the court may consider a variety of factors including: "the merits of the litigant's claims, the nature and complexity of factual and legal issues, and the litigant's ability to investigate facts and to present his claims."[5] Based upon the claims presented in the complaint, the court is not convinced plaintiff's claims are especially meritorious. Plaintiff also appears capable of preparing and presenting this case without the aid of counsel. Plaintiff has not demonstrated his case involves unique or unusually complicated legal theories. Additionally, plaintiff has not demonstrated the existence of any special circumstances, such as a physical or mental impediment, which prevent him from presenting his claims.

Accordingly,

**IT IS THEREFORE ORDERED** that T. Charles Boettger's Motion for Appointment of Counsel (ECF No. 3) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[5] *Rouse v. Colo. State Bd. of Parole*, 242 Fed. App'x 498, 501 (10th Cir. 2007) (citing *Rucks v. Boergermann*, 393 F.3d 111, 115 (10th Cir. 2004)).