IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLES T. BOETTGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-4048-DDC |
| | ) | |
| ROBERT FAIRCHILD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter comes before the court upon defendants' Motion to Stay Discovery (ECF No. 13). Defendants ask the court stay discovery pending a ruling on their motions to dismiss (ECF Nos. 9 and 11). For the following reasons, defendants' motion shall be granted.

The power to stay discovery is firmly vested in the sound discretion of the trial court.[1] The court "may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[2] In exercising this discretion, the court "must weigh competing interests and maintain an even balance."[3] The Tenth Circuit, however, has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[4] Thus, the general policy in the District of Kansas is not to stay

---

[1] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3] *Landis*, 299 U.S. at 254-55.

[4] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citing *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

discovery even though dispositive motions are pending.[5] An exception may be made to this general policy "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6] A fourth exception is where the pending dispositive motion raises the issue of immunity from suit. "Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."[7] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability but demands customarily imposed upon those defending a long drawn out lawsuit."[8]

A stay of discovery is warranted in this case. Defendants have filed motions to dismiss, with the defendants asserting immunity, among other arguments. Defendants are entitled to have the threshold question of immunity resolved before being required to participate in discovery. Thus, the court grants defendants' motion and orders that discovery is stayed until the district judge rules on the pending motions to dismiss.

Accordingly,

**IT IS THEREFORE ORDERED** that defendants' Motion to Stay Discovery (ECF No. 13) is granted.

**IT IS SO ORDERED.**

---

[5] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[6] *Id*. at 495 (citing *Kutilek*, 132 F.R.D. at 297-98).

[7] *Keys v. Obama*, No. 13-4103-EFM, 2013 WL 6231370, at *1 (D. Kan. Dec. 2, 2013) (citing *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991)).

[8] *Siegert*, 500 U.S. at 232.

Dated July 31, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge