### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**CHARLES T. BOETTGER,**

    **Plaintiff,**

v.

**ROBERT FAIRCHILD, et al.,**

    **Defendants.**

Case No. 17-4048-DDC-KGS

### MEMORANDUM AND ORDER

On June 14, 2017, pro se[1] plaintiff Charles T. Boettger filed this action against defendants Judge Robert Fairchild, Judge Peggy Kittle, Judge Phillip Sieve, Judge Richard Smith, Mr. W.C. Delany, Mr. David Melton, Mr. Joshua Seiden,[2] and Mr. James Rumsey under 42 U.S.C. §§ 1983 and 1985. He also invokes various Kansas statutes. All defendants but Mr. Seiden have moved to dismiss the claims in their entirety. Each defendant asserted different reasons for dismissal. Judge Fairchild moved for dismissal asserting that the Complaint fails to state a claim upon which relief may be granted, and alternatively, that he has absolute judicial immunity from this suit. Docs. 11 & 12. Judge Kittle, Judge Sieve, Judge Smith, Mr. Delaney, and Mr. Melton also moved for dismissal relying, primarily, on the argument that the Complaint fails to state a claim. These defendants also provided several alternative arguments for dismissal. Docs. 9 & 10. And last, Mr. Rumsey also has moved for dismissal, arguing that the Complaint

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2]     Plaintiff never has served Mr. Seiden. Thus, Mr. Seiden has not yet appeared.

fails to state a claim. He adopts by reference the Supporting Memorandum filed by Judge Kittel, et al. Doc. 15. For reasons discussed below, the court grants defendants' Motions to Dismiss.

## I.  Factual Background

Plaintiff alleges that Judge Sieve, Mr. Melton, and Mr. Rumsey "conspired and colluded at the [September 24, 2014] hearing to deprive and violate Mr. Boettger of his Civil rights, Constitutional rights, and statutory rights." Doc. 1 at 8. The Complaint provides a putative recounting of a September 24, 2014 competency hearing held in the District Court of Douglas County, Kansas:

> At the hearing on September 24, 2014, the district court[3] began by discussing the outcome of the motion with the State and Mr. Rumsey outside of the presence of Mr. Boettger where the following exchange occurred:
>
> > The Court:  Boettger, 2014-CR-262. And we're here outside the presence of the defendant, myself and counsel for the State and his court-appointed lawyer, and I just wanted to indicate to you, [an assistant has] been checking, and we really cannot get in line for Larned[4] unless he's in custody. So I am proposing to go ahead and hear the motion, and I'll say something about why he need[s] to be taken into custody.
> > Mr. Rumsey:  Okay.
> > The Court:  And then we'll have to deal with, shall I bring that up - - well, why don't, when we start out, you say, Judge, I think we need to address something, my client's in - - okay?
> > Mr. Rumsey:  Right.
> > The Court:  All right.
> > Mr. Rumsey:  And then we'll go into the competency motion
> > The Court:  Yeah, after that.
> > Mr. Rumsey:  Yeah.
> > The Court:  So that's going to be the plan, I just want to let you know, so you guys go back in there a minute and sit so I am not going to go in for about two minutes, okay?

---

[3]   The purported transcript does not identify which judge presided at the hearing on September 24, 2014. Based on plaintiff's allegation that Judge Sieve conspired and colluded with counsel at that hearing and no contradicting allegation, the court construes plaintiff's allegations to include Judge Sieve as "The Court" in this transcript.

[4]   Larned is a "'state security hospital' for the purpose of holding in custody, examining, treating and caring for such mentally ill persons as may be committed or ordered to the state security hospital by courts of criminal jurisdiction . . . ." Kan. Stat. Ann. § 76-1305.

*Id.* at 7 (footnotes added). The Complaint alleges that Mr. Rumsey only had approximately 10 to 15 minutes to speak with plaintiff before the September 24, 2014 competency hearing. It also alleges that Mr. Rumsey was unable to provide the court with plaintiff's mental health diagnosis as part of the competency motion, but that he asserted in that motion, "[I]t is likely that [plaintiff] suffers from a serious undiagnosed and untreated mental illness, such as Schizophrenia, Paranoia, or both." *Id.* (quoting R. I, 58.)

Plaintiff asserts that his commitment to Larned violated Due Process "because he was not meaningfully represented by counsel resulting in effective abandonment of client at the hearing on September 24, 2014." *Id.* at 8. Plaintiff asserts that defendants violated other fundamental rights, namely: (1) procedural and substantive due process under the Fourteenth Amendment; (2) "the right to bail under section 9 of the Kansas Constitution Bill of Rights;" and (3) effective assistance of counsel under the Sixth Amendment. *Id.*

## II.     Legal Standard

### A.     Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against

jurisdiction, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

When defendants attack the Complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  But, conclusory allegations about jurisdiction are not sufficient.  *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *Matthews v. YMCA*, No. 05-4033-SAC, 2005 WL 2663218, at *2 (D. Kan. Oct. 19, 2005).

### B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is

4

"not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

The court consolidates and decides defendants' arguments for dismissal, below.

#### A. Absolute Immunity

Judges Fairchild, Kittle, Sieve, and Smith assert that absolute judicial immunity protects them from this suit. And, Mr. Melton asserts that absolute prosecutorial immunity protects him.

##### 1. Judicial Immunity

"[A] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) *cert. denied*, 513 U.S. 832 (1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356 (internal quotation and citation omitted). "To determine whether a judge acted 'in the clear absence of jurisdiction,' a court looks 'to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Madkins v. Platt*, No. 15-3101-SAC-DJW, 2017 WL 3149299, at *2 (D. Kan. July 25, 2017) (quoting *Stump*, 435 U.S. at 362).

5

Here, plaintiff's allegations focus on the September 24, 2014 competency hearing. The alleged facts suggest that a judge spoke on the record with counsel about committing plaintiff to Larned pending the outcome of a competency hearing. Kansas judges have the authority to determine a defendant's competency. *See* Kan. Stat. Ann. § 22-3302 ("If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant."). By passing a statute conferring this responsibility, the Kansas legislature has established that deciding a defendant's competency is a normal function for Kansas judges. The district court judge in this case was performing a normal function.

The Complaint also alleges that this conversation occurred on the record, suggesting that counsel for both parties were dealing with the judge in his judicial capacity. And importantly, plaintiff's Complaint fails to allege any facts making it plausible to find that the judge acted in the clear absence of jurisdiction. Thus, to the extent that plaintiff alleges constitutional violations against the judge presiding over the competency hearing, he is protected by absolute immunity. To the extent that plaintiff's allegations about the competency hearing include actions taken by the other judges named as defendants, they too enjoy absolute immunity for acts taken in their judicial capacities.

### 2. Prosecutorial Immunity

Absolute immunity also protects Mr. Melton. The Supreme Court has held that prosecutors enjoy absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)). Prosecutorial immunity is limited, however, to

6

actions that "involve the prosecutor's role as advocate . . . rather than his role as administrator or investigative officer . . . ." *Id.* at 491 (internal quotations and citation omitted).

To determine whether a prosecutor has absolute immunity against a claim, courts examine "'the nature of the function performed, not the identity of the actor who performed it.'" *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). The Supreme Court has emphasized that functions "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Important to the analysis here, courts previously have held that prosecutors enjoy absolute prosecutorial immunity for conduct leading to involuntary commitment of a criminal defendant. *See Marczeski v. Handy*, 213 F. Supp. 2d 135, 141 (D. Conn. 2002).

In *Handy*, the plaintiff alleged that the prosecutor failed to investigate the alleged wrongdoing of the complainants. *Id.* Plaintiff alleged that the prosecutor's failure had led to her commitment to a Connecticut state hospital. *See id.* The court determined that the prosecutor's actions were "'intimately associated with the judicial phase of the criminal process' and thus protected by the doctrine of absolute immunity." *Id.*

Here, plaintiff alleges that Mr. Melton violated his civil, constitutional, and statutory rights at the competency hearing. At a competency hearing, a prosecutor is advocating on behalf of the State. Mr. Melton was acting as an advocate, not an administrator or investigator. He was performing a function that it is intimately associated with the judicial phase of the criminal process. Absolute immunity protects Mr. Melton from suit for his actions at the competency hearing.

### B. Eleventh Amendment Immunity

Judges Fairchild, Kittle, Sieve, and Smith and Mr. Melton also assert that the court lacks subject matter jurisdiction over claims plaintiff asserts because they are immune from suit under the Eleventh Amendment. The Eleventh Amendment "accord[s] states the respect owed them as joint sovereigns," by granting immunity to nonconsenting states to suits in federal court. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted). Eleventh Amendment immunity "applies . . . whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Id.* (citations omitted). The Eleventh Amendment also bars plaintiff's claims for money damages against state officials in their official capacities. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Specifically, the Eleventh Amendment bars § 1983 claims for monetary damages against state court judges and prosecutors in their official capacities. *Gradle v. Oklahoma*, 203 F. App'x 179, 183 (10th Cir. 2006) (affirming district court's dismissal of plaintiff's § 1983 claims for money damages against a state court judge and prosecutor in their official capacities because they had Eleventh Amendment Immunity).

As discussed above, plaintiff's claims against Judge Sieve and Mr. Melton involve them acting in their official capacity. The Eleventh Amendment thus bars these claims. To the extent that plaintiff's claims include allegations against Judges Fairchild, Kittle, and Smith in their official capacities, the Eleventh Amendment also bars those claims.

### C. *Heck v. Humphrey*

To the extent that plaintiff seeks to challenge, directly or impliedly, his criminal conviction or sentence in this § 1983 action, *Heck v. Humphrey* bars that claim because a judgment in his favor in this civil action necessarily would imply that his conviction is invalid. 512 U.S. 477, 487 (1994). *Heck* held,

> [a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* If plaintiff intended his claims to challenge his conviction, he never alleges that a state court has invalidated his conviction or sentence. So *Heck* bars that claim.

### D.     *Rooker-Feldman*

To the extent plaintiff seeks to allege that the state court incorrectly made a competency determination, the *Rooker-Feldman* doctrine also bars that claim. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

### E.     **Failure to State a Claim**

All defendants also assert that, even if they were not immune from plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted. In § 1983 claims, the Complaint must "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n.10) (emphasis in original).

Here, there are two groups of defendants: (1) those who plaintiff merely has listed in the caption—Judges Fairchild, Kittle, and Smith, Mr. Delaney, and Mr. Sieden;[5] and (2) those who plaintiff includes in his factual assertions—Judge Sieve, Mr. Melton, and Mr. Rumsey.

### 1. Judges Fairchild, Kittle, and Smith and Mr. Delaney

Plaintiff makes no factual assertions that reach Judges Fairchild, Kittle, and Smith and Mr. Delaney. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997)). Here, the Complaint is completely devoid of any factual allegations asserting personal involvement of Judges Fairchild, Kittle, and Smith and Mr. Delaney. The only place their names appear in the Complaint is in its caption.

To the extent that plaintiff brings claims against Judges Fairchild and Kittle in their roles as chief judges, such claims fail as a matter of law. "Supervisory status alone does not create § 1983 liability." *Id.* (citation omitted). So, plaintiff cannot bring claims against Judges Fairchild and Kittle simply based on their supervisory status as chief judges.

For those reasons, plaintiff fails to state a claim against Judges Fairchild, Kittle, and Smith and Mr. Delaney.

### 2. Judge Sieve, Mr. Melton, and Mr. Rumsey

Plaintiff does make factual assertions about Judge Sieve, Mr. Melton, and Mr. Rumsey. The Complaint alleges that Judge Sieve, Mr. Melton, and Mr. Rumsey "conspired and colluded" at the September 24, 2014 hearing. It asserts that their conspiracy and collusion violated his procedural and substantive due process rights under the Fourteenth Amendment; his "right to

---

[5] Plaintiff never has served Mr. Sieden nor has Mr. Sieden appeared so the court will not include him in this analysis.

bail under section 9 of the Kansas Constitution Bill of Rights;" and his effective assistance of counsel right under the Sixth Amendment.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). As a preliminary matter, the court must dismiss plaintiff's claim under section 9 of the Kansas Constitution Bill of Rights. It is not a "right secured by the Constitution [or] the laws of the United States." *Id.*

The court already has determined that Judge Sieve and Mr. Melton both enjoy absolute and Eleventh Amendment Immunity. So, this conclusion leaves Mr. Rumsey as the only remaining defendant whom plaintiff has served. While the court disagrees with some of the positions he takes in support of his motion, the court concludes nevertheless that Mr. Rumsey is entitled to dismissal on plaintiff's claims under § 1983 and § 1985

Plaintiff fails to state a claim under §§ 1983 or 1985 against Mr. Rumsey because plaintiff's Complaint never alleges Mr. Rumsey is a state actor subject to liability. The Complaint alleges that Mr. Rumsey was plaintiff's court-appointed lawyer at the competency hearing. Public defenders—and in this case a court-appointed defense attorney—do not act under color of state law in a situation such as this. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (deciding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Samuels v. Nigh*, No. 17-CV-0397-CVE-FHM, 2017 WL 3927670, at *3 (N.D. Okla. Sept. 7, 2017) (finding that action taken by public defenders was not state action for purposes of 42 U.S.C. § 1983); *Cotton v. Redmon*, No. 90-3545-S, 1991 WL 105203, at *1 (D. Kan. May 16, 1991), *aff'd*, 951 F.2d 1258 (10th Cir. 1991) ("[A] Defendant, acting as a court-appointed attorney, is still

considered a private person and is not acting under color of state law." (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984))). The court thus determines that plaintiff fails to state a claim under § 1983 against Mr. Rumsey.

Plaintiff also fails to state a claim under § 1985 against Mr. Rumsey. "Unlike § 1983, it does not require a showing of state action because it was enacted pursuant to the Congress's authority under the Thirteenth Amendment." *Allen v. Briggs*, 331 F. App'x 603, 605 (10th Cir. 2009) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 104–05 (1971)). "But because its object is to punish the deprivation of the *equal* enjoyment of rights secured by the law to all, section 1985 does require that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* (internal quotations and citations omitted) (emphasis in original). Plaintiff has failed to allege any facts that there was any racial or class-based animus behind Mr. Rumsey's actions. He thus fails to state a claim under § 1985.

The court determines that plaintiff fails to state a claim under §§ 1983 and 1985 against Mr. Rumsey and so it dismisses them.[6]

### F. State Law Claims

While it's difficult to apprehend his intentions, it appears plaintiff also may have intended to assert claims under several Kansas statutes: Kan. Stat. Ann. §§ 75-764, 76-1305, 21-5415, 21-5202, 21-5202(j), 22-3414, 22-3302, 22-3303, and 22-2807.

---

[6] Mr. Rumsey moves for dismissal under Rule "12(b)(d)." The court views this as an inadvertence because Mr. Rumsey's motion adopts Judge Kittle's memorandum seeking dismissal under Rule 12(b)(6). But the problem is that Mr. Rumsey cannot invoke that rule because he filed an Answer before he filed his motion. *Compare* Doc. 7 (Mr. Rumsey's Answer, filed July 21, 2017) *with* Doc. 15 (his motion to dismiss, filed Aug. 3, 2017). *See* Fed. R. Civ. P. 12(b) ("A motion asserting [a failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."). But Rule 12(h)(2) permitted Mr. Rumsey to present his defense by a motion made under Rule 12(c). *See Fed. Trade Comm'n v. Affiliate Strategies, Inc.*, No. 09-4104-JAR-KGS, 2010 WL 11470099, at *3 (D. Kan. June 4, 2010) ("[B]ecause Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief can be granted' within a Rule 12(c) motion for judgment on the pleadings, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c)." (citations omitted)).

Kan. Stat. Ann. § 75-764 entitles the Kansas Attorney General to appear in cases that challenge a Kansas statute's constitutionality. Section 76-1305 establishes Larned state hospital as a "state security hospital." Neither statute provides that a private litigant may assert a civil cause of action under it. Kan. Stat. Ann. §§ 21-5415 and 21-5202 are substantive criminal statutes. Section 21-5415 outlines the elements of a criminal threat and an aggravated criminal threat. Section 21-5202 explains criminal culpability. Subsection (j) of this provision specifically defines recklessness.

The remaining statutes—Kan. Stat. Ann. §§ 22-3414, 22-3302, 22-3303, and 22-2807—are criminal procedure statutes. They describe the procedures for the order of trial, proceedings to determine competency, to commitment of an incompetent defendant, and the forfeiture of appearance bonds, respectively.

None of these statutes provide that a private litigant may assert a civil cause of action under them. And plaintiff never demonstrates that the Kansas legislature intended to include a private right of action when it enacted these substantive criminal and criminal procedure statutes. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1128 (D. Kan. 2000) (dismissing plaintiff's claims for violation of Kansas criminal statutes because plaintiff "does not show that the legislature intended to grant him a private cause of action for the violations of the citied criminal statutes"). Plaintiff thus has failed to state a claim under Kan. Stat. Ann. §§ 75-764, 76-1305, 21-5415, 21-5202, 21-5202(j), 22-3414, 22-3302, 22-3303, and 22-2807. To the extent he meant to assert state law claims based on them, the court dismisses them.

**IV.    Conclusion**

The court dismisses the claims against Judge Fairchild, Judge Kittle, Judge Sieve, Judge Smith, Mr. Delaney, Mr. Melton, and Mr. Rumsey for the following reasons:  (1)  Judges Fairchild, Kittle, Sieve, Smith, and Mr. Melton enjoy absolute and Eleventh Amendment

Immunity; (2) plaintiff fails to state a claim against Judges Fairchild, Kittle, and Smith and Mr. Delaney because he makes no factual assertions about them; and (3) plaintiff fails to state a claim against Mr. Rumsey because he makes no factual assertions that Mr. Rumsey is a state actor, or that he acted with racial or class-based animus.

**IT IS THEREFORE ORDERED THAT** defendants Judge Peggy Kittle, Judge Phillip Sieve, Judge Richard Smith, Mr. W.C. Delany, and Mr. David Melton's Motion to Dismiss (Doc. 9) is granted.

**IT IS FURTHER ORDERED THAT** defendant Judge Robert Fairchild's Motion to Dismiss (Doc. 11) is granted.

**IT IS FURTHER ORDERED THAT** defendant Mr. James Rumsey's Motion to Dismiss (Doc. 15) is granted.

**IT IS SO ORDERED.**

**Dated this 13th day of December, 2017, at Topeka, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**